UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNETTE BLANCHARD,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>NORTH CASCADE TRUSTEE SERVICES, INC., et al.,<br><br>　　　　　　　Defendants. | CASE NO. C16-1544JLR<br><br>ORDER DISMISSING CASE WITH LEAVE TO AMEND |

## I.   INTRODUCTION

Before the court is Defendants' motion to dismiss for lack of subject matter jurisdiction. (Mot. (Dkt. # 15).) Plaintiff Annette Blanchard, who is proceeding *pro se*, opposes Defendants' motion. (Resp. (Dkt. 17).) Having considered the parties' briefing, the relevant portions of the record, and the applicable law, the court GRANTS Defendants' motion to dismiss and DISMISSES this case with leave to amend, as more fully described below.

ORDER - 1

## II. BACKGROUND & ANALYSIS

Ms. Blanchard sues Defendants, which are multiple of mortgage- and trustee-related entities, for several of state law claims. (*See* Compl. (Dkt. # 6).) She asserts that subject matter jurisdiction is based on complete diversity. (*Id.* at 3.)

On November 16, 2016, the court ordered Ms. Blanchard to show cause why her complaint should not be dismissed for lack of subject matter jurisdiction. (OSC (Dkt. # 10).) The court informed Ms. Blanchard about the complete diversity requirement and indicated that she failed to adequately allege Defendant Ocwen Loan Servicing, LLC's ("Ocwen") domicile. (*Id.* at 1-2.) Ms. Blanchard responded to the order to show cause by indicating the domicile of Ocwen's members. (OSC Resp. (Dkt. # 11) at 2.) The allegations in Ms. Blanchard's complaint in combination with the assertions in her response to the order to show cause adequately alleged complete diversity. Defendants now mount a factual attack on subject matter jurisdiction. (*See* Mot.)

### A. Subject Matter Jurisdiction

"[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "Once the moving party has converted the motion to dismiss into a factual motion . . . , the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High School, Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

## II. BACKGROUND & ANALYSIS

Ms. Blanchard sues Defendants, which are multiple of mortgage- and trustee-related entities, for several of state law claims. (*See* Compl. (Dkt. # 6).) She asserts that subject matter jurisdiction is based on complete diversity. (*Id.* at 3.)

On November 16, 2016, the court ordered Ms. Blanchard to show cause why her complaint should not be dismissed for lack of subject matter jurisdiction. (OSC (Dkt. # 10).) The court informed Ms. Blanchard about the complete diversity requirement and indicated that she failed to adequately allege Defendant Ocwen Loan Servicing, LLC's ("Ocwen") domicile. (*Id.* at 1-2.) Ms. Blanchard responded to the order to show cause by indicating the domicile of Ocwen's members. (OSC Resp. (Dkt. # 11) at 2.) The allegations in Ms. Blanchard's complaint in combination with the assertions in her response to the order to show cause adequately alleged complete diversity. Defendants now mount a factual attack on subject matter jurisdiction. (*See* Mot.)

### A. Subject Matter Jurisdiction

"[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "Once the moving party has converted the motion to dismiss into a factual motion . . . , the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High School, Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

In conjunction with their motion to dismiss, Defendants filed the corporate registration of Defendant North Cascade Trustee Services, Inc. ("NCTS").[1] (Req. (Dkt. # 15-1) Ex. F.) That registration indicates that NCTS is incorporated, and therefore domiciled, in Washington State. (*See id.*) In response, Ms. Blanchard argues that NCTS "is an entity affiliated with, and in conjunction with, HSBC Bank ("dbf HSBC Bank"), USA, N.A., the effective domicile is therefore New York state, and not limited simply to the state of Washington, whereby diversity is maintained among all of the parties to the Complaint." (*Id.* at 2.) Ms. Blanchard cites no authority, and the court identifies no authority, for the proposition that NCTS's asserted affiliation with HSBC alters NSCT's domicile for purposes of assessing diversity jurisdiction. (*See generally id.*) Accordingly, the court grants Defendants' motion and dismisses Ms. Blanchard's complaint for lack of subject matter jurisdiction.[2]

## B. Leave to Amend

When a court dismisses a *pro se* plaintiff's complaint, leave to amend is mandatory unless it is absolutely clear that amendment could not cure the defects in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The court has already provided Ms. Blanchard leave to amend her complaint to adequately allege

---

[1] "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint . . . ." *Meyer*, 373 F.3d at 1039.

[2] Because subject matter jurisdiction is a prerequisite to adjudication of Ms. Blanchard's claims, the court declines to address the substantive grounds on which Defendants argue Ms. Blanchard's claims fail. (*See* Mot. at 4-5.) Even if the court were to take up that portion of Defendants' motion to dismiss, however, Defendants' arguments are too cursory and conclusory to demonstrate that dismissal is appropriate.

diversity jurisdiction. (*See* OSC.) In her response, she asserted the domiciles of Ocwen's members, but she declined to amend her complaint because, in Ms. Blanchard's view, her response did "NOT alter any allegations or parties to this action." (OSC Resp. at 2 (emphasis in original).) Contrary to Ms. Blanchard's understanding, she bears the burden of alleging sufficient facts in her complaint for the court to conclude that it has subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Meyer*, 373 F.3d at 1039 (discussing a plaintiff's burden in a facial attack on subject matter jurisdiction). Ms. Blanchard appears to have misunderstood this obligation.

However, the court cannot conclude that amendment would be futile. For instance, Ms. Blanchard could amend her complaint to drop HSBC as a defendant and allege the domicile of Ocwen's members. Such amendment would cure the lack of complete diversity that the court and Defendants have identified. In light of Ms. Blanchard's *pro se* status, the court will permit her to amend her complaint to remedy the deficiencies identified in this order and in the court's November 16, 2016, order.[3] (*See* OSC.) Ms. Blanchard must file any amended complaint no later than February 17, 2017. The court cautions Ms. Blanchard, however, that it will interpret any future failure to adequately support subject matter jurisdiction as an indication that further amendment would be futile. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

//

//

---

[3] The court cautions Ms. Blanchard that an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).

If Ms. Blanchard fails to timely amend her complaint to remedy the deficiencies identified in this order, the court will dismiss this case without leave to amend.

### C. Initial Case Deadlines

Ms. Blanchard also requests an extension of the initial case scheduling deadlines. (Req. (Dkt. # 19).) Several of those deadlines have already passed, and Defendants were forced to file a status report without Ms. Blanchard's input because, despite their best efforts, they could not contact Ms. Blanchard. (*See* Status Rep. (Dkt. # 18).) The court vacates its December 20, 2016, scheduling order (Dkt. # 12) and will reset the initial case scheduling deadlines after reviewing Ms. Blanchard's amended complaint, if she chooses to file one. The court cautions Ms. Blanchard that it will not tolerate any future failures to timely respond to Defendants' good-faith efforts to communicate with her.

### III.   CONCLUSION

The court GRANTS Defendants' motion to dismiss (Dkt. # 15), DISMISSES Ms. Blanchard's complaint, and GRANTS Ms. Blanchard leave to file an amended complaint no later than February 17, 2017. The court VACATES its December 20, 2016, scheduling order (Dkt. # 12).

Dated this 27th day of January, 2017.

JAMES L. ROBART
United States District Judge