UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNETTE BLANCHARD,<br><br>                  Plaintiff,<br>v.<br><br>NORTH CASCADE TRUSTEE SERVICES, INC., et al.,<br><br>                  Defendants. | CASE NO. C16-1544JLR<br><br>ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION |

The court has reviewed Plaintiff Annette Blanchard's first amended complaint. (Am. Compl. (Dkt. # 21).)  Ms. Blanchard filed her first amended complaint in accordance with the court's January 27, 2017, order dismissing Ms. Blanchard's original complaint for lack of subject matter jurisdiction with leave to amend.  (1/27/17 Order (Dkt. # 20).)  Ms. Blanchard timely amended her complaint and asserts subject matter jurisdiction on the basis of a federal question and diversity of citizenship.  (Am. Compl. at 3.)

ORDER - 1

Like Ms. Blanchard's original complaint, Ms. Blanchard's amended complaint names North Cascade Trustee Services, Inc. ("NCTS"), as a defendant. (Am. Compl. at 1-2.) NCTS and Ms. Blanchard are Washington domiciliaries. (*Id.* at 1; Req. (Dkt. # 15-1) Ex. F; *see also* 1/27/17 Order at 3 & n.1.) As the court has already concluded, diversity is lacking between NCTS and Ms. Blanchard, and the court therefore lacks diversity jurisdiction. (1/27/17 Order at 3.)

In her amended complaint—unlike in her original complaint (*see* Compl. (Dkt. # 6) at 3)—Ms. Blanchard also asserts that that the court has federal question jurisdiction (Am. Compl. at 3). Ms. Blanchard identifies two federal statutes as the basis for a federal question: 28 U.S.C. § 1331 and 28 U.S.C. § 1449. (*Id.*) However, neither of those statutes confer substantive rights or relate to this case.[1] Ms. Blanchard also alludes to her "right to due process and constitutional rights," but the actions that she asserts violate those rights are "improper and fraudulent banking and mortgage servicing procedures." (Am. Compl. at 5 (capitalization altered).) Ms. Blanchard clarifies that her "entire action alleges fraud, negligence, malfeasance, and misrepresentation as a result of Defendants' actions." (*Id.* (capitalization altered).) These causes of action are generally grounded in state law, and Ms. Blanchard identifies no federal law that supports these claims.

---

[1] *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1449 ("Where a party is entitled to copies of the records and proceedings in any suit or prosecution in a State court, to be used in any district court of the United States, and the clerk of such State court, upon demand, and the payment or tender of the legal fees, fails to deliver certified copies, the district court may, on affidavit reciting such facts, direct such record to be supplied by affidavit or otherwise. Thereupon such proceedings, trial, and judgment may be had in such district court, and all such process awarded, as if certified copies had been filed in the district court.").

ORDER - 2

Moreover, Ms. Blanchard's original complaint, in which she based subject matter jurisdiction only on diversity (Compl. at 3), contains the same allegations and allusion to violations of "due process and constitutional rights" (*id.* at 6). Accordingly, the court concludes that Ms. Blanchard asserts only state law claims and fails to allege facts to support federal question jurisdiction.

The court previously indicated "that it will interpret any future failure to adequately support subject matter jurisdiction as an indication that further amendment would be futile." (1/27/17 Order at 4 (citing *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002)); *see also id.* at 5 ("If Ms. Blanchard fails to timely amend her complaint to remedy the deficiencies identified in this order, the court will dismiss this case without leave to amend.").) Ms. Blanchard timely amended her complaint, but the amended complaint fails to remedy the defects in subject matter jurisdiction. It is therefore absolutely clear that amendment could not cure the defect in subject matter jurisdiction, and the court declines to grant further leave to amend. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The court therefore DISMISSES this case without prejudice and without leave to amend for lack of subject matter jurisdiction.

Dated this 16th day of February, 2017.

JAMES L. ROBART
United States District Judge